

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| THOMAS BLANKS, II, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 7:19-cv-8001-LSC |
| | ) | (7:16-cr-00268-LSC-TMP-1) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OF OPINION

### I. Introduction

This is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, filed by Petitioner Thomas Blanks II ("Blanks") on January 8, 2019. (Doc. 1.) Pursuant to § 2255(b) and Rule 4 of the Rules Governing Section 2255 Proceedings, this Court has conducted a preliminary review of the motion and determines that it is due to be denied and this action dismissed.

### II. Background

On January 31, 2017, Blanks pled guilty pursuant to a written plea agreement to violating 21 U.S.C. §§ 846 & 841(a)(1) / Conspiracy to Possess with Intent to Distribute and Distribute a Mixture and Substance Containing Cocaine

Hydrochloride (Count 1); 21 U.S.C. § 841(a)(1) / Possession with the Intent to Distribute a Mixture and Substance Containing Cocaine Hydrochloride (Count 2); 18 U.S.C. § 922(g)(1) / Felon in Possession of a Firearm and Ammunition (Count 3); and 18 U.S.C. § 1952(a)(3) / Using a Facility (FedEx) in Interstate Commerce to Carry On an Unlawful Activity (Distribution of Controlled Substances) (Count 4). On June 8, 2017, this Court sentenced Blanks to a term of imprisonment of 60 months. It also sentenced Blanks to a term of supervised release of 240 months as to Counts 1 and 2 and 36 months as to Counts 3 and 4, all separately to run concurrent with each other. Judgment was entered on June 13, 2017. Blanks did not appeal and remains in custody.

## III. Discussion

Blanks argues that his sentence of 240 months of supervised release exceeds the statutory maximum sentence for his convictions and that his defense counsel was constitutionally ineffective for failing to object to his sentence on that ground.

### A. The Motion is Untimely

Blanks's motion to vacate is subject to a one-year statute of limitations, running from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

This Court entered Blanks's judgment on June 13, 2017, and Blanks did not appeal. A federal criminal judgment that is not appealed becomes final for the purpose of § 2255 when the time for filing a direct appeal expires. *See, e.g., Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Therefore, Blanks's convictions became final on June 27, 2017, which was 14 days after this Court entered judgment. *See* Fed. R. App. P. 4(b)(1)(A). Blanks did not file the instant motion until January 8, 2019, which is over one year later, putting him in violation of the one-year limitation period found in § 2255(f)(1). Blanks has not alleged, and there is no reason to believe, that any of the other circumstances delineated in subsections (2), (3), or (4) of § 2255(f) are applicable here.

Blanks appears to argue that his untimeliness should be excused on the basis of his "actual innocence." A court may excuse a § 2255 petitioner's procedural

default if the petitioner establishes (1) cause and prejudice or (2) a miscarriage of justice or actual innocence. *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). However, neither the United States Supreme Court nor the Eleventh Circuit has ever held that the Constitution requires an actual innocence exception to the one-year limitations period of § 2255(f) in the context of non-capital sentencing. *McKay*, 657 F.3d at 1197; *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1333 (11th Cir. 2008). Assuming that the actual innocence exception does apply in a non-capital sentencing context such as this, *McKay* held that it would not apply where a petitioner's claim is one of legal, rather than factual, innocence. *Id.* at 1197. It is well-settled that actual innocence "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Lynn v. United States*, 365 F.3d 1225, 1235 n.18 (11th Cir. 2004).

Blanks's claim is one of legal innocence and not one of factual innocence. He does not claim that he did not commit the offenses charged in the four counts of conviction. Rather, his primary argument is simply that this Court erred in sentencing him to 240 months' supervised release because the statutory maximum term of supervised release for his convictions is 60 months. Blanks is wrong, as explained below, but in any event, he is claiming innocence based upon a legal

standard, not a claim of innocence based upon not having committed the predicate offense.

**B.**   **Blanks's Sentencing Error Claim is Procedurally Defaulted, Fails on the Merits, and Not Cognizable on Collateral Review**

Even if his motion was not barred by the statute of limitations, Blanks's primary claim—that he was erroneously sentenced to a term of 240 months' supervised release—would fail for several other reasons.

First, Blanks did not raise the claim on direct appeal. Claims not raised on direct appeal may not be raised on collateral review unless the § 2255 petitioner demonstrates cause and prejudice. *See United States v. Frady*, 456 U.S. 152, 167-168 (1982); *Bousley v. United States*, 523 U.S. 614, 621-622 (1998). The exception to this general rule is a claim for ineffective assistance of counsel. *Massaro v. United States*, 538 U.S. 500, 504 (2003). The appeal waiver in Blanks's written plea agreement contained exceptions for three types of claims: (1) a sentence imposed in excess of the statutory maximum sentence; (2) a sentence imposed in excess of the advisory guideline sentencing range calculated by the Court at the time sentence is imposed; and (3) ineffective assistance of counsel. (Doc. 29 at 9). Thus, Blanks was required to raise the sentencing error claim on direct appeal or risk waiving it. As explained above, his claimed "actual innocence" does not excuse this procedural default

because he is not claiming that he is factually innocent of the crimes of conviction. *See McKay*, 657 F.3d at 1197.

Second, aside from being procedurally defaulted, the sentencing error claim is not cognizable on collateral review. Generally, unless the claimed error in a § 2255 proceeding involves a lack of jurisdiction or a constitutional violation, relief is limited. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). An error that is not jurisdictional or constitutional will form the basis for § 2255 relief only where "the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* at 185. A non-constitutional error that results in a miscarriage of justice "should present exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Hill v. United States*, 368 U.S. 424, 428 (1962). Errors that seriously undermine the validity of criminal proceedings have been held to constitute a miscarriage of justice. *See, e.g., Davis v. United States*, 417 U.S. 333, 346-47 (1974) (holding that a prisoner's claim that he was convicted for a legal act was cognizable under § 2255); *United States v. Behrens*, 375 U.S. 162, 164-66 (1963) (holding that a prisoner was entitled to relief under § 2255 where his sentence was imposed outside of the prisoner's or counsel's presence). Here, Blanks's sentencing claim is not cognizable under § 2255 because it is not a constitutional error and does not rise to

the level of a miscarriage of justice. *See Hunter v. United States*, 559 F.3d 1188, 1190-91 (11th Cir. 2009) (holding that, even though the prisoner likely was erroneously sentenced as an armed career criminal under the Sentencing Guidelines, his claim did not warrant a COA because a sentencing error, standing alone, generally is not cognizable under § 2255).

Third, the claim is meritless. Blanks claims that the statutory maximum term of supervised release on his convictions was five years, but he is incorrect. Blanks's Presentence Investigation Report ("PSR") states:

> Part D. SENTENCING OPTIONS
>
> . . .
>
> <u>Supervised Release</u>
>
> 108. Statutory Provisions: Counts 1 and 2: The Court must impose a term of supervised release of at least four years, per count. 21 U.S.C. § 841(b)(1)(B). Counts 3 and 4: The Court may impose a term of supervised release of not more than three years, per count. 18 U.S.C. § 3583(b)(2). Multiple terms of supervised release shall run concurrently. 18 U.S.C. § 3624(e).
>
> 109. Guideline Provisions: Counts 1 and 2: The guideline range for a term of supervised release is four years to five years, per count. USSG §5D1.2(c). Counts 3 and 4: Since the offenses are Class C Felonies, the guideline range for a term of supervised release is 1 year to 3 years, per count. USSG §5D1.2(a)(2).

(Doc. 34 at 28). This Court was thus authorized, per the statutes of conviction on Counts 1 and 2, to sentence Blanks to a term of supervised release of four years to

life, per count. This Court thus did not exceed the statutory maximum by sentencing Blanks to a term of supervised release of 240 months for Count 1 and Count 2, to run concurrently to each other as well as concurrently to the 36-month term of supervised release on Counts 3 and 4, each. *See also* doc. 35 (Sentencing Recommendation prepared by Probation Office) (noting that the statutory provisions for supervised release for Counts 1 and 2 were "4 years—life, per count").[1]

---

[1]     Construing Blanks's motion liberally, he may have intended to argue that this Court erred in sentencing him to an above-Guidelines-range term of supervised release. While the Guidelines range on Counts 1 and 2 was four to five years, the Guidelines are advisory:

> Prior to the Supreme Court's decision in [*United States v.*] *Booker* [543 U.S. 220 (2005)], the Sentencing Guidelines were mandatory, and a district court's authority to impose a sentence outside of the guidelines range was narrowly circumscribed. *See Irizarry v. United States*, 553 U.S. 708, 713, 128 S. Ct. 2198, 2202, 171 L. Ed. 2d 28 (2008). Under the post-*Booker*, advisory guidelines regime, district courts may still "depart" from the Guidelines to sentence a defendant outside of his guidelines range under the departure framework set out in the Guidelines. *See Irizarry*, 553 U.S. at 714, 128 S. Ct. at 2202 ("'Departure' is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines."). Additionally, district courts now also have broad discretion to "vary" from a defendant's advisory guidelines range and impose "a non-Guidelines sentence outside the Guidelines framework" based on consideration of the 18 U.S.C. § 3553(a) factors. *See Pepper v. United States*, 562 U.S. 476, 498 n.12, 131 S. Ct. 1229, 1245 n.12, 179 L. Ed. 2d 196 (2011).

> Because the Guidelines are now advisory, district courts may not apply them as if they were mandatory or treat the guidelines range as presumptively reasonable. *United States v. Hill*, 643 F.3d 807, 880 (11th Cir. 2011). Rather, the district court "must make an individualized assessment based on the facts presented," using the guidelines range as "the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49-50, 128 S. Ct. 586, 596-97, 169 L. Ed. 2d 445 (2007).

In sum, relief under § 2255 is not warranted here because Blanks's motion is barred by the applicable statute of limitations. Even if it were not, the sentencing-error claim is procedurally defaulted, not cognizable on collateral review, and lacks merit.

## IV.     Conclusion

For the foregoing reasons, Blanks's § 2255 motion to vacate, set aside, or correct a sentence is due to be denied and this case dismissed with prejudice.

Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11, Rules Governing § 2255 Proceedings. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that a reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537

---

*United States v. Davis*, 734 F. App'x 718, 723–24 (11th Cir. 2018). In any event, any such argument is waived because it was required to be made on direct appeal and is not cognizable on collateral review. *See supra*.

U.S. 322, 336 (2003) (internal quotations omitted).  This Court finds that Blanks's

claims do not satisfy either standard.

A separate order consistent with this opinion will be entered.

**DONE** AND **ORDERED** ON APRIL 10, 2019.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704